IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-23-51-R |
| | ) | |
| AKIN ZHON WOFFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Government's Motion in Limine [Doc. 48] and Defendant Counsel's Motion to Withdraw as Attorney [Doc. 55]. After hearing argument on the matter on June 21, 2024, the Court DENIES both Motions.

Mr. Wofford is charged with Armed Bank Robbery, 18 U.S.C. § 2113(a) and (d), and Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence. 18 U.S.C. § 924(c)(1)(A). His trial date is currently set for July 9, 2024. In preparation for trial, the Government seeks to pre-admit a Plea Agreement and Plea Petition [Doc. 48, Exs. 1 and 2] completed by Defendant into evidence. Defendant opposes the introduction of this evidence on the grounds that the plea agreement is not enforceable, the Defendant's agreement to the terms was not knowing or voluntary, the agreement was never breached, and that FED. R. EVID. 403 forbids admittance.

The crux of this dispute turns on the events of June 27th and 28th, 2023. The Government offered terms of a Plea Agreement to Mr. Wofford. Doc. 54 at 2; Doc. 48 at 2. Facing a June 27 deadline to accept, Defendant and Counsel conferred about the offer

and executed the paperwork that day. *Id.* Defendant's Counsel emailed the completed paperwork to the Government on the evening of June 27 with a request to hold the document until the following day as Counsel needed to "follow up on an issue for Mr. Wofford[.]" Doc. 57, Ex. 5.[1] The next day, Defendant's Counsel emailed the Government again shortly after noon, stating that she had concerns about Mr. Wofford's competency. *Id.* She stated she would be filing a motion for a competency evaluation and requested the Government not submit the plea paperwork to the Court. *Id.* The Government was aware of this email, as indicated by a written reply and an apparent phone call that afternoon between counsel. *Id.*; Doc. 57, Ex. 4. Nevertheless, the Government submitted the Agreement to the Court around 4:00 pm later that day. Doc. 57, Ex. 6.

Following a monthslong evaluation process, the Court found Mr. Wofford competent to face trial in January 2024. Docs. 39, 41. Since, Mr. Wofford has refused to enter a guilty plea via a Rule 11 colloquy, as he is required to under the Plea Agreement. He now wishes to proceed to trial.

The Government argues that, by virtue of signing the plea agreement on June 27, 2023, Defendant waived the protection of FED. R. EVID. 410, and, by refusing to plead guilty, Defendant Wofford breached the agreement. Doc. 48 at 2-3; Doc. 48, Ex. 2 ¶ 16. Thus, the Government suggests portions of the signed Plea Agreement, in which Wofford admits to committing the underlying crime, should be admitted at trial.

---

[1] These exhibits were admitted by the Court for the purpose of the Hearing on June 21, 2024.

Rule 410 was designed to exclude a "type of especially damning evidence." *United States v. Mitchell*, 633 F.3d 997, 1003 (10th Cir. 2011). It is designed to encourage voluntary settlement of cases by excluding discussions in plea negotiations and withdrawn guilty pleas from the universe of admissible evidence. *See United States v. Mezzanatto*, 513 U.S. 196, 206-07 (1995); FED. R. EVID. 410. Rule 410 has a "strong bias toward exclusion[,]" but the Supreme Court has determined defendants may waive the Rule's protections. *Mitchell*, 633 F.3d at 1003. Specifically, the Supreme Court held that "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." *Mezzanatto*, 513 U.S. at 210. Thus, Circuit Courts have generally looked to whether a plea agreement was entered into knowingly and voluntarily to determine whether a waiver is effective. *See generally Mitchell*, 633 F.3d at 1004; *United States v. Jim*, 786 F.3d 802 at 806-08 (10th Cir. 2015); *United States v. Young*, 223 F.3d 905, 909 (8th Cir. 2000) ("We look to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant willfully agreed to its terms."); *United States v. Newbert*, 504 F.3d 180, 182 (1st Cir. 2007) ("This court, following suit, will enforce knowing and voluntary waivers by defendants in plea agreements . . . except when it would work a miscarriage of justice.").

Because the Court has not held a Change of Plea hearing with Mr. Wofford, the Court has not formally determined whether Defendant's execution of the Plea Agreement was knowing and voluntary. "[D]efendant has the burden to prove that he did not knowingly and voluntarily enter into his plea agreement." *United States v. Salas-Garcia*,

698 F.3d 1242, 1254 (10th Cir. 2012). The circumstances surrounding Mr. Wofford's execution of the plea agreement cut both ways. The Government is correct to point to written provisions in the signed Plea Petition that certify Mr. Wofford signed the agreement knowingly and voluntarily. Doc. 57, Ex. 2 at 10-11. However, Mr. Wofford's behavior on June 27, 2023, was evidently concerning enough that his Counsel felt it necessary to move for a competency evaluation the next day.[2] While Mr. Wofford was ultimately deemed competent months later, that conclusion does not necessarily foreclose the possibility he did not knowingly or voluntarily execute the Plea Agreement on June 27. In all, while he has sown doubts, Defendant has not carried his legal burden of demonstrating he entered into the plea agreement unknowingly and involuntarily.

Despite that, however, the Court chooses not to allow the Plea Agreement into evidence. Even assuming the Court can admit the Plea Agreement despite the lack of a colloquy, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" FED. R. EVID. 403. The circumstances surrounding Mr. Wofford's execution of the Plea Agreement prompt legitimate doubts about the effectiveness of the Agreement and its waiver provisions. While such concerns do not rise to the level of invalidating the Agreement entirely, they reflect negatively on its probative value. The Supreme Court held Rule 410 exclusionary waivers are valid and enforceable "absent some affirmative indication that the agreement was entered into

---

[2] The Court notes that this conflict could have easily been avoided by either party. Counsel for Defendant should have never executed and presented the Agreement to the Government if she had concerns about her client's competency. Likewise, the Government should not have submitted the executed Agreement to the Court over Defense Counsel's request not to do so on June 28, 2023.

4

unknowingly or involuntarily[.]" *Mezzanatto*, 513 U.S. at 210. Here, Defendant's Counsel stated, the day after her client executed the Plea Agreement, that she had "reasonable cause to believe [Wofford] is suffering presently from a mental disease or defect . . . to the extent that he is unable to understand the nature and consequences of the proceedings against him[.]"Doc. 31 at 2. Such a statement—even though Defendant was later found to be competent—casts a pall of doubt over Defendant's state of mind on June 27, 2023, when he executed the document.

Admitting the Plea Agreement into evidence at trial would be highly prejudicial to Defendant, as it would effectively inform the jury that Mr. Wofford had admitted guilt on the charges he faced before them. The Government recognizes how prejudicial the Agreement would be to Mr. Wofford's defense; it is why they seek to admit it. However, the Court believes admitting the Agreement would be "unfair prejudice" because Mr. Wofford's competency was in question at the time of the document's execution, and the Government submitted the plea paperwork to the Court over Defense Counsel's request not to do so. On balance, the Court excludes the Plea Agreement and Petition from evidence because the danger of unfair prejudice to Mr. Wofford substantially outweighs the Agreement's probative value under the circumstances.

Accordingly, the Court DENIES the Government's Motion in Limine [Doc. 48]. Consequently, the Court also DENIES Ms. Rhone's Motion to Withdraw as Defendant's Counsel [Doc. 55]. The basis for Ms. Rhone's Motion was that she would be conflicted as a necessary witness to the authentication of the Plea Agreement if it were allowed into evidence. Seeing as the Court has denied Government's motion to admit the Agreement,

there is no longer a conflict of interest or other basis on which it is suitable for Ms. Rhone to withdraw at this time.

    **IT IS SO ORDERED** this 24th day of June 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE