## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-23-51-R |
| ) | |
| AKIN ZHON WOFFORD, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant's Motion in Limine [Doc. 82]. Defendant argues his prior criminal history should not be admitted into evidence against him because it does not meet the exceptions under FED. R. EVID. 404(b). Instead, Defendant labels the prior criminal history as pure propensity evidence. The Government, on the other hand, suggests the prior conviction tends to prove the identity, intent, and knowledge of the Defendant.

Following oral argument, the Court GRANTS the Motion in Limine. Mr. Wofford's prior conviction does not bear enough of a similarity to the charge which he is now facing to warrant admission under Rule 404(b). There is nothing distinctive about the prior conviction which the Government seeks to use to identify or attribute to Defendant. The prior conviction does not evidence a common scheme, a modus operandi, or even stem from the same charge. Rather, the evidence simply suggests that because Defendant committed robbery with a weapon before, he is likelier to be the culprit in this case. Such evidence is inadmissible. The Motion is GRANTED with respect to Rule 404(b) evidence.

**IT IS SO ORDERED** this 13th day of August 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE